UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH BARBOUR, | ) | Civ. 11-4005-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING LEAVE TO |
| | ) | PROCEED IN FORMA |
| UNITED STATES FOR AMERICA PRESIDENT, | ) | PAUPERIS |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Kenneth Barbour, is incarcerated at Red Onion State Prison in Pound, Virginia. He filed this pro se civil rights lawsuit under 42 U.S.C. § 1983 and now moves to proceed in forma pauperis.

Because Barbour is a prisoner, the Prison Litigation Reform Act (PLRA) governs his motion to proceed in forma pauperis. The PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Barbour has filed more than three civil actions that have been dismissed for frivolousness or failure to state a claim upon which relief may be granted. *See Barbour v. Stanford*, Civ. 10-4071 (D.S.D.), Docket 3 (listing *Barbour v. Christian Broadcast Network*, Civ. 10-380 (E.D.

Va.); *Barbour v. W. Reg'l Dir. VDOC*, Civ. 08-598 (W.D. Va); *Barbour v. Virginia Dep't of Corr.,* Civ. 09-83 (W.D. Va.); *Barbour v. Stanford*, Civ. 09-77 (W.D. Va.)). Another federal court noted that Barbour has filed at least 67 cases in the Western District of Virginia that have been dismissed under § 1915(g). *See Barbour v. Federal Prison,* No. 2:10-cv-978, 2011 WL 94618 at *1 (S.D. Ohio Jan. 10, 2011). That court further observed that "[i]t would appear that plaintiff filed his complaint in this court- which, incidentally, is nearly incomprehensible and which does not name any suable entity- in an effort to get around the fact that if he filed in his home district, his case would surely be dismissed." *Id.* Thus, Barbour may not litigate in forma pauperis unless he demonstrates he is in imminent danger of serious physical injury.

  Barbour alleges "with constitutional allegationing- government direction and control form a ongoing imminent questioning to threats of the serious physical forming injury upon this plaintiff to overthrown body, soul, mind by extended rights noted to direction and control by the U.S. Gov." Docket 1 (verbatim). His next claim is "with constitutional allegationings U.S. military bases in other countries are accountable a unconstitutional imminent ongoing danger to this American via serious physical American constitutionality injuries." *Id.* (verbatim). Barbour's third claim for relief asserts"[b]y constitutional allegationings the President to the United States

2

for America adoptioning and affirmation to government contracts holds this American Plaintiff to a serious constitutional physical injury." *Id.* (verbatim). While Barbour uses the phrase "serious physical injury" or some variation of it throughout his complaint, he has not alleged any actual danger to his person. Barbour does not provide any details of the threat he is facing, but rather inserts "serious physical injury" into his allegations that his constitutional rights are being violated. Mere use of the phrase "serious physical injury" is insufficient to satisfy the requirements of § 1915(g). *See McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002) (discussing the imminent danger of physical injury exception to § 1915(g)). Barbour is ineligible to proceed in forma pauperis. Therefore, it is

ORDERED that Barbour's motion for leave to proceed in forma pauperis (Docket 2) is denied, all pending motions are denied, and this case is dismissed without prejudice. Barbour may refile his complaint if it is accompanied by the full $350 filing fee.

Dated January 28, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE